IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDY BOURDON,
LAURA PORTER, et al.,

      Plaintiffs,

v.                                                                                                    No. 1:24-cv-00588-DHU-JHR

JOHN RAMON VIGIL, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER AND**
**NOTICE REGARDING COMPLIANCE WITH ORDERS AND RULES**

Plaintiffs Andy Bourdon and Laura Porter are proceeding *pro se* in this case.

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Defendants' Motion to Dismiss or for a More Definite Statement**

Defendants City of Espanola and John Ramon Vigil ask the Court to dismiss the claims against them for failure to state a claim or in the alternative to order Plaintiffs to provide a more definite statement. *See* Defendants City of Espanola and John Ramon Vigil's Motion to Dismiss for Failure to State a Claim or in the Alternative for a More Definite Statement, Doc. 12, filed August 2, 2024 ("Motion"). Defendants state:

> [Plaintiffs'] Second Amended Complaint does not list the parties to the action that Plaintiffs seek to sue in a discernible manner – including a proper case caption [pursuant to] Rule 10 of the Federal Rules of Civil Procedure.
>
> The majority of Plaintiffs' statements are confused, jumbled, and lack a coherent structure. Despite the voluminous statements made by the Plaintiffs, there is a lack of dates regarding the scandalous allegations asserted. This lack of "simple, concise and direct" allegations runs afoul of Rule 8(d)(1) of the Rule of Civil Procedure.
>
> Furthermore, Plaintiff have not invoked a federal question as the basis of their Second Amended Complaint beyond generic statements of violations of constitutional rights. 28 USC 1331.
>
> As the court noted in the Order directing that a second Amended Complaint be filed: The Complaint "must explain what *each* Defendant did to Plaintiffs; when *each* Defendant did it; how *each* Defendant's action harmed Plaintiff; and what specific legal right Plaintiffs believe *each* Defendant violated. *See Nasious v. Two Unknown B.I.C. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)." (emphasis in original). Plaintiff have again abjectly failed to properly plead this case in compliance with the Rules of Civil Procedure.
>
> This failure is compounded by the fact that this lawsuit appears to raise issues litigated and finally decided in New Mexico State Court Cases- D-117-CV-2022-00172 and D-117-CV-2023-00123. The reason it is averred that it only "appears" to raise these issues is that the Second Amended Complaint lacks coherency, any level of specificity to determine what allegations are being alleged, and also contains outright slanderous statements . . . Given the lack of clarity in the Second Amended Complaint, Defendants, at this time, cannot file a coherent Motion to Dismiss for *Res Judicata*/Collateral Estoppel.

Motion at 4-5.

In their Response, Plaintiffs state that they "have already submitted claims in full detail" in their original and Amended Complaints. Doc. 13 at 3, filed August 5, 2024. United States Magistrate Judge Jerry H. Ritter previously notified Plaintiffs that their original Complaint "does not provide sufficient notice to Defendants for preparing their defenses and does not provide sufficient clarity for the Court to adjudicate the merits because" the original Complaint is 186 pages in length. Doc. 4 at 2-3, filed June 18, 2024 (ordering Plaintiffs to file an amended complaint not exceeding 50 pages). Judge Ritter notified Plaintiffs that their Amended Complaint did not

2

"set forth their allegations in numbered paragraphs" and does not give each of the more than 28 Defendants 'fair notice of what the ... claim is and grounds upon which it rests' because it does not explain what *each* Defendant did to Plaintiffs; when *each* Defendant did it; how *each* Defendant's action harmed Plaintiffs; and, what specific legal right Plaintiffs believe *each* Defendant violated." Doc. 9 at 2, filed July 10, 2024 (ordering Plaintiffs to file a second amended complaint) (emphasis in original). Furthermore, Plaintiffs' original and Amended Complaints are of no legal effect because Plaintiffs have filed their Second Amended Complaint. *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect").

The Court denies Defendants' Motion to dismiss this case and grants Defendants' Motion for a more definite statement. The Court orders Plaintiffs to file a third amended complaint. The third amended complaint must comply with Judge Ritter's previous Orders in this case and the Federal and Local Rules of Civil Procedure.

Plaintiffs are proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of a summons and the Second Amended Complaint on any Defendants at this time because the Court is ordering Plaintiffs to file a third amended complaint. The Court will order service if Plaintiffs file: (i) a third amended complaint not exceeding 50 pages that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Order to Show Cause**

Defendants state that "this lawsuit appears to raise issues litigated and finally decided in New Mexico State Court Cases- D-117-CV-2022-00172 and D-117-CV-2023-00123." Motion at 5. It appears this case may be barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines due to the proceedings in state court.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred

4

from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court orders Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and *Rooker-Feldman*. Plaintiffs must identify each case in state court, including the case number, arising from the facts involved in this case, state whether each case in state court is ongoing, describe how the facts and claims in this case differ from those in the state-court cases, explain why this case is not barred by *Younger* and/or *Rooker-Feldman*, and cite legal authority in support of their explanation.

**Plaintiffs' Motion for Jury Trial**

Plaintiffs filed a Motion for Jury Trial on August 26, 2024. *See* Doc. 19. Defendants oppose the Motion for a Jury Trial stating Plaintiffs did not timely demand a jury trial within fourteen days after the last pleading directed to the issue as required by Rule 38 of the Federal Rules of Civil Procedure. *See* Response, Doc. 21, filed August 27, 2024 (stating the last pleading directed to the issue was the Second Amended Complaint file on July 16, 2024). The Court denies Plaintiffs' Motion for a Jury Trial as untimely pursuant to Rule 38 of the Federal Rules of Civil Procedure. The denial of the Motion is without prejudice because the Court is ordering Plaintiffs to file a third amended complaint.

**Plaintiffs' Motions for Default Judgment**

Plaintiffs have filed three Motions seeking default judgment against all Defendants who have failed to respond to Plaintiffs' Amended Complaints. *See* Motion for Default Judgment, Doc. 22, filed September 3, 2024; Plaintiffs' Motion to Compel the Courts [sic] to Enter Default

Judgement in Espanola/Santa Fe, Doc. 48, filed November 26, 2024;[1] Plaintiff's Motion for Default Judgement, Entry of Default, Notice of Completion of Briefing, Doc. 60, filed January 14, 2025.

> Default judgments are a harsh sanction. *M.E.N. Co. v. Control Fluidics, Inc.,* 834 F.2d 869, 872 (10th Cir.1987).
>
> > [S]trong policies favor resolution of disputes on their merits: "[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."
>
> *H.F. Livermore,* 432 F.2d at 691, *quoted in Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983).
>
> > We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error. However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.
>
> *Cessna Fin. Corp.,* 715 F.2d at 1444-45 (citations omitted); *see also Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970).

*In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (stating "considerable deference is given the trial judge's determination regarding the default judgment since he is the person most familiar with the circumstances of the case and, thus, is in the best position to evaluate the good faith and credibility of the parties at the hearings"). Furthermore,

> [D]efault judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster,* 596 F.3d 751, 762 (10th Cir. 2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause

---

[1] Plaintiffs refer to New Mexico Rules of Civil Procedure. The Federal and Local Rules of Civil Procedure govern this case, the New Mexico Rules of Civil Procedure do not.

> of action, since a party in default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of [Plaintiff's] allegations. Fed. R. Civ. P. 55(b)(2)(C).

*Shell v. Henderson*, 622 Fed.Appx. 730, 733-34 (10th Cir. 2015).

The Court denies Plaintiffs' Motions for Default Judgment. Although many Defendants, who have not been served by the Court, have not filed an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure, their failure to timely respond has not caused Plaintiffs to be faced with interminable delay. It is now seven months after Plaintiffs filed this case and Plaintiffs have not yet filed an amended complaint that states a claim over which the Court has jurisdiction. The vague allegations in Plaintiffs' original and Amended Complaints make it difficult to determine precisely what material facts support Plaintiff's claims against the non-responding Defendants and consequently and do not provide sufficient notice to the non-responding Defendants to prepare an answer or Rule 12 motion. The Court declines to impose the harsh sanction of default judgment in this case because: (i) the delay in this case has resulted from Plaintiffs' repeated failure to comply with Court Orders, not from the non-responding Defendants' failure to appear; (ii) the Court cannot consider whether the unchallenged facts constitute a legitimate cause of action against the non-responding Defendants because Plaintiffs have not complied with the Court's Orders to file an amended complaint that properly states claims; and (iii) strong policies favor resolution of disputes on their merits.

**Plaintiffs' Motion for Preliminary Injunction**

Plaintiffs seek a preliminary injunction "against all defendants listed in our claim." Plaintiffs' Motion for P[re]liminary Injunction, Doc. 37, filed November 8, 2024.

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it

7

> is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).
>
> ....
>
> To merit preliminary injunctive relief, a movant must present a "significant risk" it "will experience harm that cannot be compensated after the fact by money damages." *Id.* at 1250 (quoting *Fish*, 840 F.3d at 751–52).
>
> That harm "must be both certain and great," not "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001). And a speculative or theoretical injury will not suffice. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). The injury must also be "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). If the harm is not "likely to occur before the district court rules on the merits," there is no need for preliminary injunctive relief. *New Mexico Dep't of Game & Fish*, 854 F.3d at 1250 (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1260 (10th Cir. 2003)).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021).

The Court denies Plaintiffs' Motion for a Preliminary Injunction because: (i) Plaintiffs have not made a make a clear and unequivocal showing they are entitled to such relief against each of the Defendants in this case; and (ii) the Court does not have personal jurisdiction over the Defendants that have not appeared in this case. As discussed above, the Court has not served any Defendants with a summons and copy of the operative complaint. *See Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A. de C.V.*, 970 F.3d 1269, 1292 (10th Cir. 2020) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied").

**Plaintiffs' Prayer for Relief**

8

Plaintiffs "are writing to express our concerns rega[]rding the repeated criminal behavior of" certain Defendants and request that the Court "intervene and stop Espanola defendants from making threats of great bodily harm or death from becoming reality." Plaintiffs' Prayer for Relief at 2, 4, Doc. 54, filed December 17, 2024. The Court denies Plaintiffs' Prayer for Relief. Plaintiffs may include their Prayer for Relief in their third amended complaint.

**Plaintiffs' Motion for Order to Show Cause**

Plaintiffs seek an order to show cause "directing the defendants to appear before the court and demonstrate why they should not be held in contempt of court for th[ei]r ongoing criminal actions/behavior against the plaintiffs." Motion for Order to Show Cause, Doc. 56, filed December 27, 2024. The Court denies Plaintiff's Motion for an order to show cause because Plaintiffs have not filed an amended complaint that states a claim against Defendants over which the Court has jurisdiction and the Court does not have personal jurisdiction over many of the Defendants.

**Plaintiffs' Notices**

Plaintiffs have filed 18 documents titled "Notice" regarding statements of incidents, preliminary injunction, conflict of interest, statement of 911 emergency dispatch, and statement of fact. *See* Doc's 29-36, 42-45, 49, 51, 55, 57-58, 61. It is not clear what purpose the Notices serve. If Plaintiffs are requesting a ruling from the Court, the title of the document must clearly identify the document as a motion and the relief Plaintiffs seek. *See* D.N.M.LR-Civ. 10.2 ("The title of a document must clearly identify its substance and any filed document to which it responds or is connected"). A motion must "state with particularity the grounds and the relief sought" and "must cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.1(a0, 7.3(a). The Court "cannot take on the responsibility of serving as the litigant's attorney in constructing

9

arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). If Plaintiffs are filing those documents in support of their claims, such efforts are premature. Disclosure of information parties may use to support their claims or defenses is governed by Rule 26 of the Federal Rules of Civil Procedure. The Court will enter a scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure regarding discovery, after Plaintiffs file an amended complaint that states claims over which the Court has jurisdiction.

**Notice Regarding Compliance with Orders and Rules**

The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure delays the resolution of this case and causes the Court and other Parties to needlessly expend resources. If Plaintiffs continue to fail to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court must issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i) Defendants City of Espanola and John Ramon Vigil's Motion to Dismiss for Failure to State a Claim or in the Alternative for a More Definite Statement, Doc. 12, filed

August 2, 2024, is **GRANTED in part.** Plaintiffs shall, within 21 days of entry of this Order, file a third amended complaint. Failure to timely file a third amended complaint may result in dismissal of this case.

(ii) Plaintiffs shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction. Failure to timely show cause may result in dismissal of this case.

(iii) Plaintiffs' Motion for Jury Trial, Doc. 19, filed August 26, 2024, is **DENIED without prejudice.**

(iv) Plaintiffs' Motion for Default Judgment, Doc. 22, filed September 3, 2024, is **DENIED.**

(v) Plaintiffs' Motion for P[re]liminary Injunction, Doc. 37, filed November 8, 2024, is **DENIED.**

(vi) Plaintiffs' Motion to Compel the Courts to Enter Default Judgement in Espanola/Santa Fe, Doc. 48, filed November 26, 2024, is **DENIED.**

(vii) Plaintiff's Prayer for Relief, Doc. 54, filed December 17, 2024, is **DENIED.**

(viii) Plaintiff's Motion for Order to Show Cause, Doc. 56, filed December 27, 2024, is **DENIED.**

(ix) Plaintiff's Motion for Default Judgement, Entry of Default, Notice of Completion of Briefing, Doc. 60, filed January 14, 2025, is **DENIED.**

_____
**HON. DAVID HERRERA URIAS**
**UNITED STATES DISTRICT JUDGE**