## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANDY BOURDON,
LAURA PORTER, et al.,

      Plaintiffs,

v.                           No. 1:24-cv-00588-DHU-JHR

JOHN RAMON VIGIL, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiffs Andy Bourdon and Laura Porter filed an eight-page form Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 10, 2024. Where the form Complaint prompts plaintiffs to state the facts that form the basis of their claims, Plaintiffs wrote "see attachments" and attached 178 pages to the Complaint.

United States Magistrate Judge Jerry H. Ritter ordered Plaintiffs to file an amended complaint not exceeding 50 pages and notified Plaintiffs the amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See* Order at 4, Doc. 4, filed June 18, 2024 (quoting Fed. R. Civ. P. 10(b) ("A party must state its claims ... in numbered paragraphs")). Judge Ritter also notified Plaintiffs a complaint must provide notice to defendants for preparing their defenses by explaining what each defendant did to them, when each defendant did it, and what specific legal right Plaintiffs believe each Defendant violated. *See* Order at 2-3. Judge Ritter also notified Plaintiffs they cannot assert claims on behalf of their minor children without an attorney. *See* Order at 3.

Plaintiffs filed a 49-page Amended Complaint. *See* Doc. 5, filed June 27, 2024. Judge Ritter notified Plaintiffs that they did not set forth their allegations in numbered paragraphs and

that the Amended Complaint does not give each of the more than 28 Defendants fair notice of what the claims are and grounds upon which they rest because it does not explain what each Defendant did to Plaintiffs, when each Defendant did it and what specific right Plaintiffs believe each Defendant violated. *See* Order for Second Amended Complaint at 2, Doc. 9, filed July 10, 2024 (stating that despite the Court notifying Plaintiffs they cannot bring claims on behalf of other persons, the Amended Complaint asserts claims on behalf of other persons). Judge Ritter ordered Plaintiffs to file a second amended complaint that complies with the Federal and Local Rules of Civil Procedure and gives each Defendant notice of the claims against each Defendant and the grounds upon which those claims rest. Judge Ritter also notified Plaintiffs that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may result in sanctions including filing restrictions and dismissal of this case. *See* Order for Second Amended Complaint at 3.

Plaintiff filed a Second Amended Complaint on July 16, 2024. *See* Doc. 10. Defendants City of Espanola and John Ramon Vigil asked the Court to dismiss the claims against them in the Second Amended Complaint for failure to state a claim or in the alternative to order Plaintiffs to provide a more definite statement. *See* Defendants City of Espanola and John Ramon Vigil's Motion to Dismiss for Failure to State a Claim or in the Alternative for a More Definite Statement, Doc. 12, filed August 2, 2024 ("Motion"). Defendants state:

> [Plaintiffs'] Second Amended Complaint does not list the parties to the action that Plaintiffs seek to sue in a discernible manner – including a proper case caption [pursuant to] Rule 10 of the Federal Rules of Civil Procedure.
>
> The majority of Plaintiffs' statements are confused, jumbled, and lack a coherent structure. Despite the voluminous statements made by the Plaintiffs, there is a lack of dates regarding the scandalous allegations asserted. This lack of "simple, concise and direct" allegations runs afoul of Rule 8(d)(1) of the Rule of Civil Procedure.

Furthermore, Plaintiff have not invoked a federal question as the basis of their Second Amended Complaint beyond generic statements of violations of constitutional rights.  28 USC 1331.

As the court noted in the Order directing that a second Amended Complaint be filed: The Complaint "must explain what *each* Defendant did to Plaintiffs; when *each* Defendant did it; how *each* Defendant's action harmed Plaintiff; and what specific legal right Plaintiffs believe *each* Defendant violated.  *See Nasious v. Two Unknown B.I.C. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007)." (emphasis in original).  Plaintiff have again abjectly failed to properly plead this case in compliance with the Rules of Civil Procedure.

This failure is compounded by the fact that this lawsuit appears to raise issues litigated and finally decided in New Mexico State Court Cases- D-117-CV-2022-00172 and D-117-CV-2023-00123.  The reason it is averred that it only "appears" to raise these issues is that the Second Amended Complaint lacks coherency, any level of specificity to determine what allegations are being alleged, and also contains outright slanderous statements . . . Given the lack of clarity in the Second Amended Complaint, Defendants, at this time, cannot file a coherent Motion to Dismiss for *Res Judicata*/Collateral Estoppel.

Motion at 4-5.

The undersigned denied Defendants' Motion to dismiss this case but granted Defendants' Motion for a more definite statement.  *See* Order and Notice Regarding Compliance with Orders and Rules, Doc. 63, filed January 21, 2025 ("Order for Third Amended Complaint").  The undersigned ordered Plaintiffs to file a third amended complaint that must comply with Judge Ritter's previous Orders in this case and the Federal and Local Rules of Civil Procedure.  The undersigned also notified Plaintiffs that it appears this case may be barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines due to the proceedings in state court and ordered Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and *Rooker-Feldman*.  *See* Order for Third Amended Complaint at 5.  Finally, the undersigned notified Plaintiffs:

The Court and the Parties have a responsibility to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  Failure to comply with Court Orders and the Federal

3

and Local Rules of Civil Procedure delays the resolution of this case and causes the Court and other Parties to needlessly expend resources. If Plaintiffs continue to fail to comply with Court Orders and the Federal and Local Rules of Civil Procedure, the Court must issue orders to ensure the speedy and inexpensive determination of this case, such as imposing filing restrictions or dismissing this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Order for Third Amended Complaint at 10.

Plaintiffs filed their Third Amended Complaint on February 10, 2025, *see* Doc. 64, and a Motion for Leave to Amend a Fourth Amended Complaint on June 18, 2025, *see* Doc. 72 (with proposed fourth amended complaint attached). Plaintiffs did not comply with the Court's Order to Show Cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and *Rooker-Feldman*.

The Third Amended Complaint fails to comply with the Court's Orders and the Federal and Local Rules of Civil Procedure. Plaintiffs make vague allegations that the government entities' eavesdropping and other violations are ongoing to "2-10-25" but do not specify when the individual events described in the Third Amended Complaint occurred. Third Amended Complaint at 5, 7; *see* Order at 2-3 (notifying Plaintiffs a complaint must provide notice to defendants by explaining what each defendant did to them, *when* each defendant did it, and what specific legal right Plaintiffs believe each Defendant violated); Order for Second Amended Complaint at 2 (same). When the events occurred is relevant for determining whether the claims arising from those events were or could have been brought in the two state court proceedings referenced in Defendants City of Espanola and John Ramon Vigil's Motion to Dismiss. Plaintiff did not comply with the undersigned's Order to show cause why the Court should not dismiss this case for lack of

jurisdiction pursuant to *Younger* and *Rooker-Feldman* based on the state court proceedings. The caption of the Third Amended Complaint does not name all the Parties. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); *Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"). Several of the allegations are not numbered. *See* Third Amended Complaint at 2-4; Order at 4, Doc. 4, filed June 18, 2024 (quoting Fed. R. Civ. P. 10(b) ("A party must state its claims ... in numbered paragraphs")). The Third Amended Complaint is single-spaced. *See* D.N.M.LR-Civ. 10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced"); *see Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("'it was well within the discretion of the district court to strike' briefs that did not comply with local rules") (quoting *In re Hopkins*, No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998)).

Plaintiffs filed a Motion for Leave to Amend a Fourth Amended Complaint. *See* Doc. 72, filed June 18, 2025 ("Motion to Amend"). Plaintiffs seek to add new Defendants, new Plaintiffs and new claims. The Court denies Plaintiffs' Motion to file a fourth amended complaint because Plaintiffs' proposed fourth amended complaint also fails to comply with the Court's Orders and the Federal and Local Rules of Civil Procedure. Plaintiffs, who are not attorneys, cannot assert claims on behalf of other persons. *See* Order at 3 ("A litigant may bring his own claims to federal court without counsel, but not the claims of others" (quoting *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) and *Kanth v. Lubeck*, 123 Fed.Appx. 921, 923 n.1 (10th Cir. 2005) (stating "as a non-lawyer parent, appearing pro se, [plaintiff] may not represent his minor children in federal court") (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). The caption of the proposed fourth amended complaint does not name all the Parties. *See* Motion

to Amend at 3. Many of the allegations are unnumbered. *See* Motion to Amend at 4-6, 8-14, 20-26. Many of the numbered allegations are not uniquely numbered, for example, there are seven allegations numbered "1." Motion to Amend at 6-7, 12, 15-16, 18. The proposed fourth amended complaint is single-spaced and contains very few dates regarding when the alleged events occurred. More importantly, Plaintiffs have not filed a response to the Court's Order to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and *Rooker-Feldman* based on the state court proceedings.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to Defendants resulting from dismissal of this case because this case is at an early stage with many Defendants who have not appeared and

because Defendants City of Espanola and Vigil have moved for dismissal. *See* Limited Entry of Appearance, Doc. 26, field September 13, 2024, and Defendant City of Santa Fe's Response in Opposition to Plaintiffs' Motion for Default Judgment, Doc. 27, filed September 13, 2024 (stating the Court lacks jurisdiction to consider Plaintiffs' Motion for Default Judgment because the Santa Fe Defendants have not been served in this matter, as required under Fed. R. Civ. P. 4(j)). Plaintiffs' failure to comply with the Order to describe when the events giving rise to this case occurred and the Order to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and *Rooker-Feldman* based on the state court proceedings interferes with the judicial process. As the party seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). This case cannot proceed until Plaintiffs meet their burden of showing that the Court has jurisdiction over this matter. The Court cannot establish jurisdiction for Plaintiffs. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). The Court finds Plaintiffs have repeatedly failed to comply with Court Orders. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage with no answers having been filed.

Plaintiffs have also filed a Motion for Default Judgment, Doc. 66, filed May 21, 2025, and a Motion to Supplement Pleading, Doc. 67, filed May 21, 2025 ("to include new and relevant

evidence . . . since the filing of our third amended complaint 2-10-25. The following new events have occur[r]ed").  Because it is dismissing this case, the Court dismisses the Motion for Default Judgment and the Motion to Supplement Pleading as moot.

**IT IS ORDERED** that:

(i)      This case is **DISMISSED without prejudice.**

(ii)     Plaintiffs' Motion for Leave to Amend a Fourth Amended Complaint, Doc. 72, filed June 18, 2025, is **DENIED.**

(iii)    Plaintiffs' Motion for Default Judgment, Doc. 66, filed May 21, 2025, is **DENIED.**

(iv)    Plaintiffs' Motion to Supplement Pleading, Doc. 67, filed May 21, 2025, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**